LEONARDO M. RAPADAS
United States Attorney
ANDREW H. HENDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
AUG 2 7 2008
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EVANGELINE RAPOLLA CRUZ,<br>    Defendant. | CRIMINAL CASE NO. 08-00040<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, EVANGELINE RAPOLLA CRUZ, enter into the following plea agreement:

1. The defendant, EVANGELINE RAPOLLA CRUZ, agrees to enter a guilty plea to an Information charging her with Theft of Government Property, in violation of 18 United States Code, Section 641.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an amount that does not exceed $1,000.00, in violation of 18 U.S.C. § 641, as a Class A misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than one year as set forth in 18 U.S.C. § 3583(e)(3). The total of $25 special assessment fee must be paid upon sentencing. The

government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Theft of Government Property, in violation of 18 United States Code, Sections 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole money and property with the intention of depriving the owner of the use or benefit of the money and property;

<u>Second</u>, the money and property belonged to the United States; and

<u>Third</u>, the value of the property did not exceed $1000.00.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1973 and is a citizen of the United States.

b. That on or about April 30, 2008, in the District of Guam, the defendant, EVANGELINE RAPOLLA CRUZ, willfully and knowingly, did steal and purloin United States currency from the Navy Morale, Welfare, and Recreation Department, Guam. That the defendant, EVANGELINE RAPOLLA CRUZ, knowingly and willingly stole the currency with the intention of depriving the owner of the use or benefit of the currency. That United States currency from the Navy Morale, Welfare, and Recreation Department, Guam, is property of the United States. That the value of the United States currency stolen and purloined from the Navy Morale, Welfare, and Recreation Department, Guam, was of the value of $1000.00. That the

$1000.00 in currency from the Navy Morale, Welfare, and Recreation Department, Guam, had come into the possession of the defendant, EVANGELINE RAPOLLA CRUZ, by virtue of her employment at the Navy Morale, Welfare, and Recreation Department.

That the defendant, EVANGELINE RAPOLLA CRUZ, entrusted to deposit $1,000.00 by the Navy Morale, Welfare, and Recreation Department, instead stole the currency and spent it on personal items including cigarettes, gasoline, and food.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

7. The defendant agrees to pay restitution in the amount of $1000.00 to the Navy Morale, Welfare, and Recreation Department in Guam.

8. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

9. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That she reads, writes and speaks the English language and has no need for an interpreter;

h. That she has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 8-25-08

EVANGELINE RAPOLLA CRUZ
Defendant

DATED: 8/25/08

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8/25/08

By: ANDREW H. HENDERSON BETH C. KONTNY
Special Assistant U.S. Attorney

DATED: 8/25/08

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 4 -